IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS E. MARTIN, an individual; THOMAS E. MARTIN, as trustee for the THOMAS E. MARTIN TRUST, established December 26, 2002; DIANE CAROL MARTIN, as trustee for the THOMAS E. MARTIN TRUST, established December 26, 2002; BARBERRY LANE, LLC, a California limited liability company; EVAN ESTATES, LLC, a California limited liability company; GV INVESTMENTS, LLC, a California limited liability company; LAKERIDGE COTTAGES, LLC, a California limited liability company; PINE GROVE, LLC, a California limited liability company; STEVENSON AVENUE, LLC, a California limited liability company; TDM INVESTMENTS, LLC, a California limited liability company, and DOES 1-20<br><br>Defendants. | No. 2:09-CV-02147-JAM-JFM<br><br><u>TEMPORARY PROTECTIVE ORDER</u> |

Plaintiff Travelers Casualty And Surety Company Of America ("Plaintiff") has submitted an application for a right to attach order and order for issuance of writ of attachment on property of Defendants Thomas E. Martin, Diane C. Martin, the Thomas E. Martin Trust, established December 26, 2002 ("Martin Trust"), Barberry Lane, LLC, Evan Estates, LLC, GV Investments, LLC, Lakeridge Cottages, LLC, Pine Grove, LLC, TDM Investments, LLC and Stevenson Avenue, LLC. (collectively, "Defendants").

Federal law expressly authorizes the use all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entererd in the action that are available to a party under the laws of the state in which the District Court is located. See Fed. R. Civ. P. 64. In order to obtain a writ of attachment under California law, the party seeking the attachment has the burden of proving:

> (1) The claim upon which the attachment is based is one upon which an attachment may be issued;(2) The plaintiff has established the probable validity of the claim upon which the attachment is based; (3) The attachment is not sought for a purpose other than the recovery upon the claim upon which the attachment is based; (4) The amount to be secured by the attachment is greater than zero.

Cal. Civ. Proc. Code § 484.090(a). Alternatively, under California law, a court may issue a temporary protective order. Cal. Civ. Proc. Code § 486.030(a) allows a court, in its

discretion, to deny the application for the order and writ of attachment and issue instead a temporary protective order under this chapter if it determines that the requirements for a writ of attachment are satisfied but that the issuance of the temporary protective order instead of the right to attach order and writ would be in the interest of justice and equity to the parties, taking into account the effect on the defendant of issuing a writ of attachment ex parte, the effect on the plaintiff of issuing the temporary protective order instead of the writ, and other factors that bear on equity and justice under the circumstances of the particular case.

In this case, the requirements for a writ of attachment have been met. The Court finds that Plaintiff has established that the claim is one upon which attachment may be issued, the probable validity of the claim upon which the attachment is based, the attachment is not sought for a purpose other than the recovery upon the claim upon which the attachment is based, and that the amount to be secured by the attachment is greater than zero. Plaintiff has also met its burden of demonstrating that unless the Court issues a temporary protective order, as authorized by Cal. Civ. Proc. Code § 486.010 *et seq.*, Plaintiff will suffer great or irreparable injury.

In the interest of maintaining the status quo until Defendants have an opportunity to be heard, the Court hereby

issues a temporary protective order prohibiting Defendants from transferring the property subject to attachment under Code of Civil Procedure section 487.010, described as follows:

    a.   A lien, pursuant to California Code of Civil Procedure section 491.410, et. seq., in any money judgment or settlement proceeds otherwise payable to defendants Thomas E. Martin, Diane C. Martin, and the Martin Trust, in any pending court case, arbitration, mediation, hearing, administrative proceeding, or other proceeding.

    b.   All of the Martin Trust's corporate property which is subject to attachment pursuant to subdivision (a) of Code of Civil Procedure section 487.010.

    c.   Any and all interests held by Thomas E. Martin, Diane C. Martin, and the Martin Trust in accounts receivable, chattel paper, and general intangibles arising out of their conduct of a trade, business or profession, except any such individual claim with a principal balance of less than one hundred fifty dollars ($150).

    d.   Any and all interests held by Thomas E. Martin, Diane C. Martin, and the Martin Trust in equipment.

    e.   Any and all interests held by Thomas E. Martin, Diane C. Martin, and the Martin Trust in farm products.

    f.   Any and all interests held by Thomas E. Martin, Diane C. Martin, and the Martin Trust in inventory.

    g.   Any and all interests held by Thomas E. Martin, Diane C. Martin, and the Martin Trust in money on the premises where a trade, business or profession is conducted by the

4

defendant and, except for the first one thousand dollars ($1,000) in aggregate account balances, money located elsewhere than on such premises and deposit accounts, including without limitation the following deposit accounts:

- Wells Fargo Bank checking account in Thomas E. Martin's name, Social Security No. xxx-xx-5257;

- Wells Fargo Bank checking account in the name of Diane C. Martin, aka Dianne Amerson, Social Security No. xxx-xx-3653;

- Wells Fargo Bank savings account in the name of Diane C. Martin, aka Dianne Amerson, Social Security No. xxx-xx-3653, Account No. ending in 9365;

- Wells Fargo Bank savings account in the name of Diane C. Martin, aka Dianne Amerson, Social Security No. xxx-xx-3653, Account No. ending in 8702;

- Wells Fargo Bank savings account in the name of Diane C. Martin, aka Dianne Amerson, Social Security No. xxx-xx-3653, Account No. ending in 8710;

- Wells Fargo Bank savings account in the name of Diane C. Martin, aka Dianne Amerson, Social Security No. xxx-xx-3653, Account No. ending in 1545;

- Wells Fargo Bank savings account in the name of Diane C. Martin, aka Dianne Amerson, Social Security No. xxx-xx-3653, Account No. ending in 1552;

- Wells Fargo Bank trust checking account, where Diane C. Martin, aka Dianne Amerson, Social Security No. xxx-xx-3653, is an authorized signatory, Account No. ending in 9576;

- U.S. Bank (located at 521 East Bidwell Street, Folsom, California) checking account in the name of Diane C. Martin, aka Dianne Amerson, Social Security No. xxx-xx-3653;

- U.S. Bank (located at 521 East Bidwell Street, Folsom, California) safety deposit box in the name of Diane C. Martin, aka Dianne Amerson, Social Security No. xxx-xx-3653; and

- U.S. Bank (located at 6199 Sunrise Mall, Citrus Heights, California, 95610) Certificate of Deposit in the name of Diane C. Martin, aka Dianne Amerson, Social Security No. xxx-xx-3653.

  h. Any and all interests held by Thomas E. Martin, Diane C. Martin, and the Martin Trust in community property that would be subject to enforcement of judgment in this lawsuit.

  i. Any and all interests in real property except leasehold estates with unexpired terms of less than one year of defendants Thomas E. Martin, Diane C. Martin, the Martin Trust and Stevenson Avenue, LLC (method of levy provided for by California Code of Civil Procedure, Chapter 8, Article 2, section 488.300, et seq., and sections 700.015 and 700.080) including, but not limited to:

<u>Real property described as follows</u>:

- 3490 Barberry Lane, Sacramento, California, Sacramento County APN No. 294-0106-004-0;

- 3490 Barberry Lane, Sacramento, California, Sacramento County APN No. 294-0106-010-0;

- 3490 Barberry Lane, Sacramento, California, Sacramento County APN No. 294-0106-011-0;

- 3199 Latham Lane, El Dorado Hills, California, El Dorado County APN No. 125-131-12-10;

- 439 Ala Wai Boulevard, #156, South Lake Tahoe, California, El Dorado County APN No. 022-271-06-100;

- 895 Holley Court, Folsom, California, Sacramento County APN No. 071-1820-013;

- 8074 Jaden Lane, Fair Oaks, California, Sacramento County APN No. 244-0042-044;

- 7617 Rangeview Lane, Sacramento, California, Sacramento County APN No. 115-0191-012-0;

- 8235 Stevenson Avenue, Sacramento, California, Sacramento County APN No. 115-0191-011-0;

- 8245 Stevenson Avenue, Sacramento, California, Sacramento County APN No. 115-0191-017-0;

- 11063 and 11106 Campers Court, Redding, California, Shasta County APN No. 116-160-002-000;

- 2556 Grass Valley Highway, Auburn, California, Placer County APN No. 052-070-079-000;

- 4547 Carmen Drive, El Dorado Hills, California, El Dorado County APN No. 124-130-25-100;

- Unincorporated Area, known as "Washington Place" in Amador County, California, Amador County APN No. 038-170-014;

- Unincorporated Area, known as "Washington Place" in Amador County, California, Amador County APN No. 038-180-040;

- Unincorporated Area, known as "Washington Place" in Amador County, California, Amador County APN No. 038-180-042;

- Unincorporated Area, known as "Washington Place" in Amador County, California, Amador County APN No. 038-180-054;

- Stevenson Avenue, Sacramento, California, Sacramento County APN No. 115-0192-008;

- Stevenson Avenue, Sacramento, California, Sacramento County APN No. 115-0192-030;

- Stevenson Avenue, Sacramento, California, Sacramento County APN No. 115-0192-033;

- 8168 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-016;

- 8087 Goran Court, Sacramento, California, Sacramento County APN No. 115-1950-002;

- 8084 Goran Court, Sacramento, California, Sacramento County APN No. 115-1950-005;

- 8085 Goran Court, Sacramento, California, Sacramento County APN No. 115-1950-006;
- 8144 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-010;
- 8148 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-009;
- 8152 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-008;
- 8153 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-013;
- 8156 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-007;
- 8157 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-012;
- 8160 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-014; and
- 8161 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-011.

j. The following interests in real property except leasehold estates with unexpired terms of less than one year of defendants Barberry Lane, LLC, Evan Estates, LLC, GV Investments, LLC, Lakeridge Cottages, LLC, Pine Grove, LLC and TDM Investments, LLC (method of levy provided for by California Code of Civil Procedure, Chapter 8, Article 2, section 488.300, et seq., and sections 700.015 and 700.080):

Real property described as follows:
- 3490 Barberry Lane, Sacramento, California, Sacramento County APN No. 294-0106-004-0;
- 3490 Barberry Lane, Sacramento, California, Sacramento County APN No. 294-0106-010-0;
- 3490 Barberry Lane, Sacramento, California, Sacramento County APN No. 294-0106-011-0;
- 3199 Latham Lane, El Dorado Hills, California, El Dorado County APN No. 125-131-12-10;

8

- 439 Ala Wai Boulevard, #156, South Lake Tahoe, California, El Dorado County APN No. 022-271-06-100;

- 895 Holley Court, Folsom, California, Sacramento County APN No. 071-1820-013;

- 8074 Jaden Lane, Fair Oaks, California, Sacramento County APN No. 244-0042-044;

- 7617 Rangeview Lane, Sacramento, California, Sacramento County APN No. 115-0191-012-0;

- 8235 Stevenson Avenue, Sacramento, California, Sacramento County APN No. 115-0191-011-0;

- 8245 Stevenson Avenue, Sacramento, California, Sacramento County APN No. 115-0191-017-0;

- 11063 and 11106 Campers Court, Redding, California, Shasta County APN No. 116-160-002-000;

- 2556 Grass Valley Highway, Auburn, California, Placer County APN No. 052-070-079-000;

- 4547 Carmen Drive, El Dorado Hills, California, El Dorado County APN No. 124-130-25-100;

- Unincorporated Area, known as "Washington Place" in Amador County, California, Amador County APN No. 038-170-014;

- Unincorporated Area, known as "Washington Place" in Amador County, California, Amador County APN No. 038-180-040;

- Unincorporated Area, known as "Washington Place" in Amador County, California, Amador County APN No. 038-180-042;

- Unincorporated Area, known as "Washington Place" in Amador County, California, Amador County APN No. 038-180-054;

- Stevenson Avenue, Sacramento, California, Sacramento County APN No. 115-0192-008;
- Stevenson Avenue, Sacramento, California, Sacramento County APN No. 115-0192-030;

- Stevenson Avenue, Sacramento, California, Sacramento County APN No. 115-0192-033;

- 8168 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-016;

- 8087 Goran Court, Sacramento, California, Sacramento County APN No. 115-1950-002;
- 8084 Goran Court, Sacramento, California, Sacramento County APN No. 115-1950-005;
- 8085 Goran Court, Sacramento, California, Sacramento County APN No. 115-1950-006;
- 8144 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-010;
- 8148 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-009;
- 8152 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-008;
- 8153 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-013;
- 8156 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-007;
- 8157 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-012;
- 8160 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-014; and
- 8161 Cliffe Way, Sacramento, California, Sacramento County APN No. 115-1950-011.

k. Negotiable documents of title, instruments, securities of defendants Thomas E. Martin, Diane C. Martin, the Martin Trust. (Method of levy provided for by California Code of Civil Procedure, Chapter 8, Article 2, section 488.300, et seq., and sections 700.020, 700.110, 700.120, and 700.130), including, but not limited to:

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Sibley Associates, a California limited partnership;
- Stock, partnership interests or ownership interests held by Thomas E. Martin in Thomas E. Martin & Associates, a California corporation;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Dunbar, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Grant Avenue, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Stevenson Avenue, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Marguinn, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Marcarey, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Wildhawk South, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in BA1-Sunrise Antelope Partnership, a California limited partnership;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Porter Junction, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Levy Road Estates, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Englebright, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Baldwin Dam, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Paityn Investments, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in TDM Investments, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Keefer, LLC, a

California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Lakeridge Cottages, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Lakeridge Oaks Estates, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Pine Grove, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Barberry Lane, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Evan Estates, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in GV Investments, LLC, a California limited liability company;

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Sibley Square, LLC, a California limited liability company; and

- Stock, partnership interests or ownership interests held by Thomas E. Martin in Dunmar, LLC, a California limited liability company.

l. Any and all right, title and interest of defendants Thomas E. Martin, Diane C. Martin, the Martin Trust in any monies due or to become due under any policy of insurance, including but not limited to claims under any policy of insurance, including but not limited to claims under builder's risk, fire, employee dishonesty or workers' compensation insurance policies, including premium refunds and including the proceeds and products thereof.

This order shall be personally served on all Defendants pursuant to California Code of Civil Procedure § 486.080. A

hearing on Plaintiff's application for right to attach order and order for issuance of writ of attachment shall be held on August 14, 2009 at 9:00 a.m. or shortly thereafter. Furthermore, Defendants shall be provided notice pursuant to California Code of Civil Procedure § 484.040.

IT IS SO ORDERED.

DATED: August 7, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE